UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEPHAN S. WILSON,

        Petitioner,               Case No. 2:21-cv-11775
                                                   Hon. Denise Page Hood

v.

CATHERINE BAUMAN,

        Respondent.

_____/

## ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL
## AND
## MOTION FOR EVIDENTIARY HEARING

Petitioner has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Before the Court is petitioner's motion for the appointment of counsel and motion for evidentiary hearing. For the reasons stated below, the motions are **DENIED WITHOUT PREJUDICE.**

There is no constitutional right to counsel in habeas proceedings. *Cobas v. Burgess,* 306 F.3d 441, 444 (6th Cir. 2002). The decision to appoint counsel for a federal habeas petitioner is within the discretion of the court and is required only where the interests of justice or due process so require. *Mira v. Marshall*, 806 F. 2d 636, 638 (6th Cir. 1986). "Habeas corpus is an extraordinary remedy for unusual cases" and the appointment of counsel is therefore required only if, given the difficulty of the case and petitioner's ability, the petitioner could not obtain justice

1

without an attorney, he could not obtain a lawyer on his own, and he would have a reasonable chance of winning with the assistance of counsel. *See Thirkield v. Pitcher,* 199 F. Supp. 2d 637, 653 (E.D. Mich. 2002). Appointment of counsel in a habeas proceeding is mandatory only if the district court determines that an evidentiary hearing is required. *Lemeshko v. Wrona,* 325 F. Supp. 2d 778, 787 (E.D. Mich. 2004). If no evidentiary hearing is necessary, the appointment of counsel in a habeas case remains discretionary. *Id.* Counsel may be appointed, in exceptional cases, for a prisoner appearing *pro se* in a habeas action. *Lemeshko*, 325 F. Supp. 2d at 788. The exceptional circumstances justifying the appointment of counsel to represent a prisoner acting *pro se* in a habeas action occur where a petitioner has made a colorable claim, but lacks the means to adequately investigate, prepare, or present the claim. *Id.* Respondent has yet to file a response and the Rule 5 materials. Until this Court reviews the pleadings filed by petitioner and respondent and the Rule 5 materials, the Court is unable to determine whether an evidentiary hearing is necessary or required. The interests of justice at this point in time do not require appointment of counsel. 18 U.S.C. § 3006A(a)(2)(B); 28 U.S.C. foll. § 2254, Rules 6(a) and 8(c).

    Accordingly, the Court denies the motion for appointment of counsel and motion for evidentiary hearing without prejudice. The Court will reconsider petitioner's motions if, following review of the pleadings and Rule 5 materials, the

Court determines that appointment of counsel and an evidentiary hearing are necessary.

## ORDER

**IT IS HEREBY ORDERED** that the motion for appointment of counsel **(ECF No. 2)** and the motion for evidentiary hearing **(ECF No. 3)** are **DENIED WITHOUT PREJUDICE.**

**SO ORDERED.**

s/Denise Page Hood
Chief Judge, U. S. District

DATED: October 15, 2021